[Civ. No. 1868.    Fourth Appellate District.—April 15, 1938.]

JAY SCHUMACHER, Appellant, v. TAFT UNION HIGH
SCHOOL DISTRICT et al., Respondents.

Claflin, Dorsey & Campbell for Appellant.

Siemon & Claflin for Respondents.

JENNINGS, J.—This is an appeal from a judgment deny-
ing to petitioner a writ of mandate to compel the respondents
to reinstate him as a permanent teacher in the Taft Union
High School.

Jay Schumacher was appointed by the Taft Union High
School District in September, 1926, to serve as a teacher in
the machine shop and in the sheet metal and blacksmith shop
of the high school and junior college of said district.    He
continued to serve in this capacity for one or two years
when the work of the machine shop increased to such an
extent that another teacher was employed to teach in the
sheet metal and blacksmith shop and Schumacher was trans-
ferred to the machine shop.    In due time petitioner acquired
a permanent status under the Teacher's Tenure Law.    Sec-

tion 3.805 of the School Code of 1929 provided that "In addition to other subjects of instruction each high school course of study may include training in athletics, military drill, and tactics, manual training, etc., or other vocational work . . ." Apparently the character of service which petitioner was then rendering was thereby classified as training in vocational work. In 1930, an effort was made to reorganize the course of training which petitioner was giving. The primary purpose of such reorganization was to secure state aid funds. The endeavor was successful and state aid was made available to the school for a period of two years. However, in 1932, state aid ceased. The evidence indicates that the cessation of such financial assistance was due to shortening of hours of instruction and discontinuance of technical related work. In any event, upon the cessation of state aid the school district discontinued the particular course in vocational training which had been in effect during the two-year period. Thereupon, a course of instruction which was apparently denominated the "Aviation and Machine Shop Course" was substituted for the course in vocational training which had been abandoned and such substituted course was given by the petitioner for a period of two or three years. On May 7, 1935, the respondents, as trustees of the Taft Union High School District ordered that the aviation and machine shop course be closed and that petitioner be notified that his services would not be required for the ensuing school year. Petitioner was thereafter notified of his dismissal on the stated ground of discontinuance of a particular kind of service. On July 16, 1935, the defendant board of trustees, by unanimous vote, adopted a plan for the reorganization of the machine shop and aeronautics course.

The complaint which was originally filed by the petitioner contained no allegations negativing the actual discontinuance in the schools of the particular kind of service which the petitioner had been performing or alleging that the action taken by the respondents in dismissing petitioner in May, 1935, and in subsequently refusing to allow him to resume his position as a teacher was arbitrary and not done in good faith. After the actual trial of the case was concluded and it had been submitted for decision the trial court on motion duly made permitted petitioner to file an amendment

to his petition wherein it was alleged that there had in fact been no discontinuance of the particular kind of service which petitioner had been rendering in the schools and that the action of respondents in dismissing him and in refusing to permit him to continue in his work as a teacher was arbitrary, capricious, and not taken in good faith.

The sole contention advanced by appellant as ground for reversal of the judgment is that certain material findings made by the trial court are lacking in evidentiary support. The findings which are thus attacked are those wherein the trial court found that the allegations contained in the amendment to the petition are not true, that the course of instruction given by appellant was in fact discontinued at the end of the school year of 1934–1935, and that appellant's dismissal from his position as teacher in the schools involved was made necessary by the discontinuance of a particular kind of service in the respondent school district.

Examination of the record upon which this appeal is presented impels the conclusion that appellant's contention of evidentiary insufficiency is not sustainable. The sole question at issue before the trial court was whether or not the reason assigned by the respondents for appellant's dismissal was in fact true or whether the specified ground of discontinuance of a particular kind of service was, as appellant maintained, merely a subterfuge whereby respondents sought to invoke the provisions of section 5.710 of the California School Code as it existed at the time the action which resulted in appellant's dismissal from his position as teacher was taken by respondents. The cited section of the School Code then provided that "Whenever it becomes necessary to decrease the number of permanent employees in a school district on account of a decrease in the number of pupils attending the schools of such district, or on account of the discontinuance of a particular kind of service in such district, the Governing board may dismiss such employee at the close of the school year." If the assigned reason for appellant's dismissal was in fact true and there was a discontinuance of the particular kind of service which appellant was rendering, then respondents were authorized to order appellant's dismissal and the petition for the writ was properly denied. If, on the other hand, the reason stated was not in fact true but was used by respondents merely as a subterfuge to enable

them arbitrarily to discharge a permanent employee of the school district, then appellant's petition for reinstatement was proper and should have been granted.

The record shows that during the trial of the action appellant took the position which he endeavored to sustain by evidence which he produced that the course of instruction which, at the beginning of the school year of 1935–1936, was substituted for and given in place of the course which he had been giving during the preceding school year was not in fact a different course of training but to all intents and purposes was the same course which he had theretofore given. Inspection of the record demonstrates that evidence was offered by appellant and was admitted which tended to show that the two courses were identical. However, since the trial court made findings which did not accord with appellant's position and which in effect found that the two courses were not identical but were in fact different, these findings must be sustained unless it be declared that they are entirely lacking in evidentiary support. Careful review of the entire record has produced the conviction that such a declaration is not warranted. Some reference to evidence which was before the trial court and which, in our opinion, supports the criticized findings may properly be made.

In the first place, it is apparent that the individual respondents as trustees of the school district desired and proposed that during the school year of 1935–1936 a course of instruction in machinery should be given which would have particular reference to the oil industry, an important industry in the territory in which the schools here involved are located. This is made evident by the outline for the new course which was prepared by the district superintendent of the Taft Union High School and the junior college with the aid of the dean of the last-mentioned institution. The outline is entitled "Oil Machinery—Operation, Upkeep, and Repair". The objectives of the course as stated in the outline all have especial reference to the oil industry. Much of the machinery which is mentioned in the outline is machinery which is readily cognizable to a layman in the oil industry as being peculiarly adapted to the industry and which common knowledge indicates is generally used in such industry. Particular reference may properly be made, for example, to the following

terminology which occurs in the outline: "Drilling Machinery", "Production Machinery", "Pumps", "Gas Traps". The purpose and intent of respondents is made clearer and more evident by a report which was received in evidence and which showed that it was prepared by the district superintendent, the vice-principal of the high school, and the dean of the junior college. The title of this document will suffice to indicate its character. It is as follows: "Development of the Technical Institute Course In Oil Machinery Operation, Upkeep and Repair, at the Taft Union High School and Junior College".

In fairness to appellant it should be observed that throughout his testimony he consistently maintained that the course of instruction which he had given also had special reference to the oil industry and that by means of frequent trips to the near-by oil fields which the students made under his supervision they were enabled to make first hand observations of the machinery used in the oil industry. He also testified that in the lectures which he gave and in the lessons which he assigned emphasis was placed on the machinery which is used in the aforesaid industry. It is however, deserving of mention that appellant testifying in his own behalf admitted on cross-examination that in the course which he gave rather superficial instruction was afforded as to the use of certain well known machinery and appliances employed in the oil industry. It may further be noted that in the outline of the course of instruction given by appellant, which outline he testified he prepared, there is no reference to any machinery which is peculiar to the oil industry. The objectives of the course as stated in this outline are as follows: "To develop the skills necessary to use hand tools wisely" and "To further the development of the use of hand wisely". It is true that appellant testified that the outline was a very meager outline "as demanded by the administration, so we could put it in their year book, the course of study, so the boy would have an idea what he was going to do". However, it should be observed that when appellant was asked what course he had taught during the school year 1934–1935, he replied as follows: "Elementary machine shop and advanced machine shop practice". The evidence produced during the trial indicates that the description thus given was fairly accurate and that the course which appellant gave was de-

signed to train the students in the use of machinery generally without special emphasis being placed on the use of such machinery as is peculiarly adapted to the oil industry. It is also apparent from the evidence that the new course which was installed at the beginning of the school year of 1935–1936 was more limited in its scope than the course which it superseded, that it was designed to furnish specialized training, and that its purpose and object was to equip the student for work in a particular industry, viz.: the oil industry. It is deserving of mention that when appellant was asked on cross-examination to state the difference between a general machine shop course and a vocational course he gave the following answer: "A general machine shop course is to acquaint the student for an avocation as a hobby with him. The vocational course would prepare him for a place in the industry." In our opinion this was an intelligent differentiation of the two courses of instruction which were being considered by the trial court for the purpose of discovering whether or not there had in fact been a discontinuance of the particular kind of service which appellant had been rendering.

Since it is apparent that evidence was produced during the hearing which justified the trial court in making the findings of which appellant complains it follows that these findings may not be disturbed and that the judgment rendered in conformity with such findings is proper.

The judgment is therefore affirmed.

Barnard, P. J., and Marks, J., concurred.